IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRITTNEY JONES                                                                                           PLAINTIFF

VS.                                               Civil Action No. 3:08-cv-190-HTW-LRA

SEARS, ROEBUCK AND COMPANY                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before this court are the following motions: defendant Sears, Roebuck and Company's ("Sears") Motion for Summary Judgment [Docket No. 17] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure;[1] and Sears' Motion to Strike Plaintiff's Affidavit [Docket No. 24]. The plaintiff herein, Brittney Jones, claims that Sears, her former employer, unlawfully terminated her employment and, in doing so, discriminated against her because of her African American race in violation of Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. § 2000e, *et seq.*,[2] and Title 42 U.S.C. § 1981.[3] Plaintiff also asserts an intentional infliction of emotional distress claim against

---

[1] Fed. R. Civ. P. 56 provides, in pertinent part: "(b) [a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

[2] Title 42 U.S.C. § 2000e *et seq.*, prohibits discrimination by covered employers on the basis of race, color, religion, sex or national origin.

[3] Title 42 U.S.C. § 1981 provides in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and

1

Sears structured on the same facts. In its motion for summary judgment, Sears argues that plaintiff's race discrimination claim, as well as plaintiff's claim for intentional infliction of emotional distress, should be dismissed. Plaintiff opposes defendant's motion for summary judgment; nevertheless, this court is persuaded to grant the motion for the reasons which follow.

## I. Procedural Background

On or about November 14, 2005, Sears hired plaintiff Brittney Jones ("Jones"), an African American female, as a cashier. On June 15, 2007, Sears terminated Jones' employment. Store Manager Brian Shipman ("Shipman") accused Jones of giving a male customer too much money. Jones denies that such occurred.

After submitting her claim of race discrimination to the Equal Employment Opportunity Commission ("EEOC"),[4] and after receiving Notice of a Right-to-Sue Letter, plaintiff then filed suit in the Circuit Court of Hinds County, Mississippi, on March 6,

---

        proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

        (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

        (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

[4] The EEOC, a federal agency created by Title VII of the Civil Rights Act of 1964 began operating on July 2, 1965. The EEOC is responsible for enforcing federal laws that make it illegal to discriminate against a job applicant or an employee because of the person's race, color, religion, sex (including pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to discriminate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit.

2008. In her complaint alleging race discrimination and intentional infliction of emotional distress, plaintiff requests compensatory damages, reinstatement or front pay, back pay, lost benefits, pre-judgment interest, post-judgment interest and punitive damages. Relative to punitive damages, plaintiff contends that the defendant's unlawful acts against her were committed maliciously and/or in reckless disregard of plaintiff's rights.

On March 27, 2008, Sears removed this case from state court to this federal forum. Since Jones accuses Sears of intentional racial discrimination in violation of Title VII and Title 42 U.S.C. § 1981, this court has subject matter jurisdiction pursuant to federal question, Title 28 U.S.C. § 1331.[5] Further, since plaintiff is a citizen of the State of Mississippi, while Sears is a corporation organized and existing under the laws of the State of New York with its principle place of business in Hoffman Estates, Illinois, and because the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, this court additionally has subject matter jurisdiction by way of diversity of citizenship, Title 28 U.S.C. § 1332.[6] This court has supplemental jurisdiction over plaintiff's state law claim of intentional infliction of emotional distress pursuant to Title 28 U.S.C. § 1367(a),[7] said claim having to be adjudicated under the substantive law of the

---

[5] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[6] Title 28 U.S.C. § 1332 states, in pertinent part, that "(a) [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ."

[7] Title 28 U.S.C. § 1367(a) provides that : "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they

3

State of Mississippi.  *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

On December 9, 2008, defendant Sears filed the instant motion for summary judgment.  Plaintiff responded on January 5, 2009.  On January 12, 2009, Sears filed its motion to strike plaintiff's affidavit.  As earlier mentioned, plaintiff opposes both motions.

## II.   **Defendant's Motion for Summary Judgment**
[Docket No. 17]

**A.  Legal Standard**

The court should grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [Sears] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c));  *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  In determining whether there exists a genuine dispute as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence.  *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).  The court makes all reasonable inferences in favor of the non-moving party, *Reeves*, 530 U.S. at 150;  "however, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner,* 476 F.3d at 343 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

---

form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

### B. Defendant's Arguments

Sears argues that both of plaintiff's claims should be dismissed. Jones' race discrimination claim should be dismissed, says Sears, because Jones cannot establish a prima facie case of racial discrimination and plaintiff cannot rebut Sears' legitimate, non-discriminatory reason for terminating her. Sears argues that Jones' intentional infliction of emotional distress claim should be dismissed because plaintiff cannot demonstrate that Sears' conduct was sufficiently extreme, outrageous, wanton, willful or the type to evoke outrage or revulsion.

### C. Undisputed Statement of Facts

Jones was originally hired on November 11, 2005, as a seasonal employee for the holiday season, but thereafter began working as a regular Sears employee at Sears' Jackson, Mississippi, store as a center aisle cashier. Jones agrees that the employees at the Sears store in Jackson were predominantly African American, with only two or three of the cashiers being white. Jones received computer training on how to operate the register, and she testified that it was her personal practice always to recount change before handing such to a customer. Jones understood that Sears had placed video surveillance recording devices above the registers in order to monitor the register activities and cash handling.

Sears' fair employment policies prohibit harassment and discrimination in the workplace, including prohibiting harassment or discrimination against any associate based on race, or any other reason prohibited by law. Sears states that employees are aware that associates can report any violations to their immediate supervisor or

manager, their manager's supervisor, a human resources representative, or to a toll-free number.

Sears' Loss Prevention Department is charged with investigating any unexplained cash variance of fifty dollars or more on a register. On June 11, 2007, Loss Prevention Coach Joshua Harvey ("Harvey") learned that a cash shortage totaling $111.68 had occurred on June 8, 2007, on register #521. He determined that only one associate, Jones, had used that register on June 8. Harvey then reviewed the register tape for register #521 and also reviewed the video from the surveillance camera above Jones' register. After reviewing the closed circuit television video (CCTV), Harvey identified the transaction which had caused the variance. The CCTV revealed that at 9:54 o'clock a.m., Jones had participated in a cash transaction of $77.00 for a Sears credit card payment. The customer, an African American male, had given Jones four twenty dollar bills ($80.00) in cash. Jones placed them in the twenty dollar bill slot with her right hand. Harvey determined that Jones then placed her left hand in the till on top of the one-hundred dollar bill slot and thereafter placed her right hand on top of the one-dollar bill slot. Harvey contends that Jones then pulled an one-hundred dollar bill with her left hand and three one-dollar bills with her right hand and gave the male customer this money. The customer took the money and exited the store.

Harvey presented the video to his supervisor, District Loss Prevention Coach Billy Fruge ("Fruge"). Fruge agreed with what Harvey opined about what the video showed. He gave Harvey permission to continue the investigation and to interview Jones. Before doing so, Harvey informed Store Manager Shipman of the investigation and showed him the footage.

On June 15, 2007, Harvey interviewed Jones. Also present and taking notes was Loss Prevention Associate Kenya Cleveland. During the interview, Jones denied any wrongdoing and stated that if she had taken too much money out of the register, it had been a mistake.

Immediately after the interview, Harvey contacted Fruge, Shipman and "88 Sears" to see how to proceed. 88 Sears is a resource for managers who might need guidance on a particular issue and approval for disciplining or terminating an associate. 88 Sears supported the decision to terminate Jones based on the evidence in the video. Shipman determined that termination of Jones was appropriate as she had caused a loss to the store, whether intentionally or by mistake. He then met with Jones and explained the reason for her termination. In Jones' paperwork, he listed the reason as "Integrity."

Jones states that she called 88 Sears following her termination, to protest her termination. She says that an 88 Sears representative, Bobbie Proper, told her that she had given a customer back $300. Jones maintained that she could not have done that as she had opened her register with only $200. Jones was advised that the incident was on camera and she could contact the Store Coach to discuss the termination.

On June 22, 2007, Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). She was issued her right to sue notice on December 13, 2007.

**D. Analysis on Race Discrimination**

As the elements of the claims under Title VII and §1981 are identical, the court

evaluates both claims under the same analysis. *Pratt v. City of Houston*, 247 F.3d 601, 605 n.1 (5th Cir. 2001). Title VII prohibits discrimination in employment decisions on the basis of race. Title 42 U.S.C. § 2000e-2(a)(1)(2003). Section 1981 prohibits discrimination in private employment against anyone, regardless of race. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 286-87, 96 S.Ct. 2574, 49 L.Ed. 493 (1976).

A plaintiff may establish intentional discrimination through direct or circumstantial evidence. In the absence of direct evidence of discrimination, the court utilizes the circumstantial framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 669 (1973); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Under this three-part approach, a plaintiff first must establish a prima facie case of discrimination. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001). Establishing a prima facie case raises an inference of unlawful discrimination. *Id.* The burden then shifts to the defendant who must proffer a legitimate, non-discriminatory reason for its decision to terminate the employee. *Rachid*, 376 F.3d at 312. Where the defendant submits a legitimate, nondiscriminatory reason for its action, its burden of production is discharged. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995). The burden then shifts back to the plaintiff to prove that the defendant's reasons for terminating the employee were pretextual. *Id.*

In this motion for summary judgment, the court must determine whether under the materially undisputed facts the plaintiff can establish a prima facie case. To state a prima facie case of discrimination, the plaintiff must show: (1) she is a member of a

protected class; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside her protected class or that a similarly situated individual outside the protected group was treated more favorably. *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 513 (5th Cir.2001); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir.1999); *see also Rutherford v. Harris County, Tex.*, 197 F.3d 173, 184 (5th Cir.1999); Davin v. Delta Air Lines, Inc., 678 F.2d 567, 570 (5th Cir.1982). "In disparate treatment cases, the plaintiff-employee must show 'nearly identical' circumstances for employees to be considered similarly situated." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007).

In this case, no one disputes that Jones, as an African American, is a member of a protected class. No one disputes that she was qualified for the cashier job and no one disputes that she suffered an adverse employment action (termination). Jones, however, cannot satisfy the fourth element for a prima facie case; she cannot establish that she was either replaced by someone outside of her protected group or that a similarly situated white employee was treated more favorably. After her termination, Jones was replaced by Nia O'Daniels, an African American female. Nor can Jones show that a similarly situated employee outside of her protected group was treated more favorably. Jones alleges that Jane Kenney, a white cashier, was "similarly situated" and treated more favorably. Kenney was not "similarly situated" to Jones since Kenney was not accused of violating the same policy as Jones. Further, although Kenney had shortages on her register, Jones has no evidence that Kenney's shortages were unresolved and Sears had never accused Kenney of having given a customer

9

change that was not due.

Since plaintiff cannot show a prima facie case, this court could end plaintiff's lawsuit here; however, even if plaintiff had established a circumstantial evidence case, Sears' explanation for its decision to terminate the plaintiff would deal plaintiff's lawsuit a death blow.

The ultimate questions here are whether Store Coach Bryan Shipman, the decision-maker for her termination, believed in good faith that Jones had given the customer too much change and whether his decision to discharge her was based on this good faith belief. *See Waggoner v. City of Garland*, 987 F.2d 1160, 1165-66 (5th Cir. 1993); *accord Johnson v. Louisiana*, 369 F.3d 826, 832 (5th Cir. 2004); *Ramirez v. Landry's Seafood Inn & Oyster Bar*, 280 F.3d 576, 579 (5th Cir. 2002); *Singh v. Shoney's, Inc.*, 64 F.3d 217, 219 (5th Cir. 1995). In other words, even if Shipman's belief is ultimately proven wrong (i.e., and Jones did not give too much change to the customer), the fact that he had a good faith basis for believing that she had given too much change to the customer (based on his review of the CCTV) is sufficient to have this summary judgment motion granted.

Jones has failed to produce any evidence that Shipman was not acting in good faith. In fact, Jones testified she had no evidence Shipman was not acting in good faith when he relied on the CCTV in making his decision to terminate her:

> Q. You have any evidence to establish that either Joshua Harvey or Bryan Shipman did not rely on the videotape in anything other than good faith?
>
> A. No. (Def. Exhibit A, p. 53).

It is well established that the employment discrimination laws are "not intended to

be a vehicle for judicial second-guessing of employment decisions nor ... to transform the courts into personnel managers." *EEOC v. Louisiana Office of Cmty. Servs.*, 47 f.3d 1438, 1448 (5th Cir. 1995) (citing *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507-08 (5th Cir. 1998)); *Mato v. Baldauf*, 267 F.3d 444, 452 (5th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002) (noting that the Fifth Circuit "has repeatedly and emphatically stated that anti-discrimination laws 'are not vehicles for judicial second-guessing of business decisions'"); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) ("Federal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions.'").

Moreover, merely disputing the employer's assessment of the plaintiff's work performance will not support an inference of pretext. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408 (5th Cir. 1999); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002); *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001). An employee cannot survive summary judgment just because she disagrees with the employer's assessment of her work performance; again, the issue is whether the employer's perception of her work performance and violation of workplace rules, accurate or not, was the real reason for her termination. *See Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005); *Evans*, 246 F.3d at 355; *Shackelford*, 190 F.3d at 408.

During oral argument, this court had the parties to play the videotape in question. Unquestionably, this videotape shows suspicious activity by Jones. Some keen-eyed observers would even state that the videotape shows exactly what Shipman says it

11

does. While this court is not to weigh evidence, this court should not ignore an unbiased videotape which shows and tells.

This court necessarily concludes that Sears had a good faith belief to take action against Jones who had engaged in surreptitious activity. Plaintiff Jones has no credible proof of racial discrimination.

**E. Analysis on Intentional Infliction of Emotional Distress**

Plaintiff does not oppose the dismissal of her intentional infliction of emotional distress claim; thus, this court dismisses this claim. Even so, damages for mental anguish or suffering are recoverable when they are the natural or proximate result of an act committed maliciously, intentionally, or with such gross carelessness or recklessness as to show an utter indifference to the consequences when they must have been in the actor's mind. *Lyons v. Zale Jewelry Co.*, 246 Miss. 139, 150 So.2d 154, 158 (Miss. 1963). The emotional distress must have been intended or a reasonably foreseeable result of a defendant's act. *Adams v. U.S. Homecrafters, Inc.*, 744 So.2d 736, 742 (Miss. 1999). The tort requires conduct that is "wanton and willful" and that "would evoke outrage or revulsion." *Speed v. Scott*, 787 So.2d 626, 631 (Miss. 2001). The conduct must "go beyond all possible bounds of decency, and ... be regarded as atrocious, and utterly intolerable in a civilized community." *White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991). In other words, in order to recover for a claim of intentional infliction of emotional distress, the plaintiff must show that "there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally ... the result being reasonably foreseeable ... even though there has been

no physical injury." *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss. 1981). In this case, plaintiff has utterly failed to demonstrate that any of Sears' actions went "beyond the bounds of decency," were "atrocious," "intolerable," or "would evoke outrage or revulsion."

### III. Motion to Strike Plaintiff's Affidavit

[Docket No. 24]

Defendant moves to strike paragraphs three, five and eight of the plaintiff's affidavit which was submitted as part of her opposition to Sears' motion for summary judgment. These paragraphs are as follows:

> 3. After I filed my charge of discrimination with the EEOC the Defendant responded to the EEOC that I was terminated for cash theft, which clearly indicates that the Defendant was asserting my alleged actions were intentional.
>
> 5. When I responded yes to the Defendant's question it was not contradictory because I was answering yes that I understood that the Defendant was claiming at the time that I was terminated for causing a shortage, and that it did not matter if it was intentional or unintentional.
>
> 8. During the interview there was employee, Kenya Cleveland, present that actually took notes regarding the interview, and those notes indicate that Mr. Harvey actually informed me that he believes the black male customer was someone you know. (Pl. Exhibit A, p. 1-2)

Defendant contends that the above assertions are contradictory to Jones' previously sworn testimony where Jones stated that she understood she was being terminated because of inaccuracies with her cash register whether it was intentional or unintentional. (Def. Exhibit A, p. 46). The court denies defendant's motion to strike as moot. This court by its earlier examination of defendant's motion for summary judgment has been persuaded to dismiss this lawsuit in its entirety.

13

## IV. Conclusion

This court dismisses plaintiff Brittney Jones' race discrimination claim because she cannot establish a prima facie case of discrimination and, further, she cannot defeat Sears' legitimate, non-discriminatory reason for terminating her. Jones' intentional infliction of emotional distress claim must be dismissed since she has abandoned the claim and she cannot show Sears' conduct was extreme, outrageous, wanton or willful. Therefore, this court dismisses both of Jones' claims, with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant's motion for summary judgment as to the racial discrimination claim is granted as is defendant's motion for summary judgment as to plaintiff's intentional infliction of emotional distress claim. Defendant's motion to strike is denied as moot. In accordance with the local rules, this court will enter a separate Final Judgment.

**SO ORDERED, this the 23rd day of July, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Civil Action No: 3:08-cv-190-HTW-LRA
Memorandum Opinion and Order